**Jacobs Estate**

*Seth W. Watson, Jr.,* and *James H. Stevens* of *Stradley, Ronon, Stevens & Young,* for accountant.

*Bernard J. Goodheart,* for claimant.

*James M. Sutton, Jr.,* for Commonwealth, as parens patriae.

*Judith J. Jamison,* for Commonwealth, claimant of inheritance tax.

KLEIN, A. J., June 8, 1973.—Harold H. Jacobs died April 2, 1972, leaving a will dated May 13, 1971, and codicils dated June 7 and October 4, 1971, which were admitted to probate April 10, 1972, when letters testamentary were granted . . .

There have been presented to the auditing judge several questions which require adjudication. The first

relates to the provisions of paragraph Fourth of the will which reads as follows:

"FOURTH: I give and bequeath the sum of TWO THOUSAND DOLLARS ($2,000.00) to my Trustee hereinafter named to be held in perpetuity for the following uses and purposes:

"(a) Trustee shall pay one-third (⅓) of the income to the Rocky Hill Dutch Reformed Church, Rocky Hill, New Jersey, which my deceased wife attended as a child, for the general purposes of the said Church;

"(b) The balance of the income shall be turned over to the Minister to purchase flowers once a year to be placed on the altar of said Church during a memorial service to be held for my deceased wife, MARY JA-OBS, on the Sunday that memorial services are held which is closest to December 10th of each and every year, and to purchase flowers for Memorial Day and Christmas each year, to be placed on my wife's grave."

It appears that it is not the policy of the First Reformed Church (referred to in the will as Rocky Hill Dutch Reformed Church) to have memorial services, although it is willing to accept flowers in memory of Mary Jacobs. The executor has, therefore, asked that the $2,000 bequest be awarded to the treasurer of the church, to be held in perpetual trust, with the income to be used each year for flowers on Memorial Day, Christmas and on the Sunday nearest December 10th of each year. The church has indicated its willingness to accept such a bequest. The auditing judge believes that this deviation from the literal language used by testator will fulfill his wishes as closely as is possible under the circumstances, and the bequest will be so awarded.

The second question is concerned with the bequest in paragraph Fifth (c) of the residuary estate "to build, erect, establish, construct, equip, and maintain a

library in the Borough of Rocky Hill, Somerset County, State of New Jersey, to be known as the 'MARY JACOBS MEMORIAL LIBRARY.'"

Subparagraph 5 of paragraph Fifth (c) provides:

"5. Trustee may, if in his judgment it seems proper, form a corporation to carry on the work of the Trust, in which case all of the Trust assets shall be transferred to such corporation and this Trust shall terminate; provided, however, that no such transfer of assets shall be made unless and until it is established that the said corporation qualifies for exemption as a charitable organization under each of Section 170(c), 501(c)(3), 2055, and 2522 of the Internal Revenue Code of 1954 or comparable Sections of any subsequent Internal Revenue Code."

The statement of proposed distribution recites that a New Jersey nonprofit corporation has been formed under the name of Mary Jacobs Memorial Library Foundation, Inc., and the accountant has submitted a formal exemption letter from the Internal Revenue Service to the effect that the said corporation qualifies for exemption from Federal income tax under sections 501(c)(3) of the Internal Revenue Service Code as a private foundation, 170, 2055 and 2522.

Although the bequest of the residuary estate was to testator's trustee, the executor now asks the court to award the residue of principal and income directly to the Mary Jacobs Memorial Library Foundation, Inc. The auditing judge agrees with the accountant that no useful purpose would be served by making an award to the trustee who would, in turn, be required to file an account solely for the purpose of having the fund awarded to the corporation. Accordingly, the award of the residue will be made as requested.

There remains for consideration the construction of the language of testator's second codicil dated

October 4, 1971, which revoked subparagraph Fifth (c)(3) and substituted the following:

" '(3): The said building or library shall be built, erected, established, constructed, equipped and maintained on ground, preferably on Washington Street, in the said Borough of Rocky Hill, Somerset County, State of New Jersey. I do not wish the library to be built on the land owned by the Rocky Hill Community Center.' "

On February 16, 1973, the auditing judge, at the request of the executor, signed a decree authorizing him to purchase a parcel of land on Washington Street in Rocky Hill, New Jersey, then owned by the Rocky Hill Community Group, for a total consideration of $15,600. This was done because the auditing judge believed it was in the best interests of this estate to purchase the property while it was available, even though there might be some questions as to the intent of testator.

From the testimony taken at the hearing on April 11, 1973, there can be little doubt that the most desirable site for the Mary Jacobs Memorial Library is the parcel of land which has been purchased. Furthermore, we think the only rational construction of the prohibition against building the library on land owned by the Rocky Hill Community Group is merely that testator wanted his enterprise to be completely independent of the Community Group. Indeed, there was some evidence that testator liked the Community Group parcel as a site if certain other properties were not available at a reasonable price, which they were not. In any event, we think that the purchase of the land from the Community Group has removed any impediment that may have existed by virtue of the language of the second codicil, and we so rule. . . .

And now, June 8, 1973, the account is confirmed nisi.